UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julian E. Rochester, # 171519, | C/A No. 6:12-1888-RBH-KFM |
| Petitioner, | |
| vs. | **Report and Recommendation** |
| Larry Cartledge, *Warden of Perry Correctional Institution*, | |
| Respondent. | |

## *Background of this Case*

Petitioner is an inmate at the Perry Correctional Institution. Prior to his current placement at the Perry Correctional Institution, Petitioner was confined at the Gilliam Psychiatric Hospital on the grounds of the Kirkland Correctional Institution. Petitioner is under an Order of Pre-Filing review. *See Graham v. Riddle*, 554 F.2d 133, 134–35 (4th Cir. 1977); and Order of January 29, 1996, in the matter entitled *In Re: Julian Edward Rochester*, Misc. No. 2:95-MC-131, by the Honorable William B. Traxler, Jr., (then) United States District Judge.

The Section 2241 Petition in the above-captioned case was docketed on July 9, 2012, which was one day *before* the Honorable R. Bryan Harwell, United States District Judge, modified the standing Order of Pre-Filing Review affecting Petitioner. *See* Order (ECF No. 17) entered on July 10, 2012 in *Rochester v. D. McCall*, *Warden of Perry*

*Correctional Institution*, Civil Action No. 6:12-1281-RBH; and Order (ECF No. 21) entered on July 10, 2012, in *Rochester v. M. V. Laubshire, et al.*, Civil Action No. 6:12-0236-RBH.

Petitioner, on October 18, 1990, in the Court of General Sessions for Oconee County, was convicted, pursuant to a jury's verdicts, of first-degree criminal sexual conduct with a minor, second-degree criminal sexual conduct with a minor, and assault and battery of a high and aggravated nature. He received an "active" sentence of 50 years. The inmate inquiry database on the South Carolina Department of Corrections website (https://sword.doc.state.sc.us/scdc-public/, last visited on July 10, 2012) indicates that Petitioner will be eligible for parole on January 5, 2013, but his projected release date is January 11, 2023. Petitioner will be required to register as a sex offender upon release.

In *Julian Edward Rochester v. SCDC and Attorney General Charles Condon*, Civil Action No. 2:98-0146-21AJ, Petitioner on January 22, 1998, brought a habeas corpus action concerning his 1990 convictions. The Honorable Robert S. Carr, United States Magistrate Judge, on January 23, 1998, authorized service of the § 2254 petition and directed the respondents to file a return. The respondents filed a return and a motion for summary judgment. On March 10, 1998, Magistrate Judge Carr apprised Petitioner of dispositive motion procedure, as required by the holding in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (district court must advise a *pro se* litigant confronted by a dispositive motion from an adverse party of his or her right to file counter-affidavits or other responsive material, and be alerted to the fact that his or her failure to so respond might result in the entry of summary judgment against him or her). Petitioner on March 16, 1998, and on March 20, 1998, responded to the motion for summary judgment.

In a Report and Recommendation filed in Civil Action No. 2:98-0146-21AJ on March 23, 1998, Magistrate Judge Carr recommended that the respondents' motion for summary judgment be granted. The parties in Civil Action No. 2:98-0146-21AJ were apprised of their right to file timely written objections and of the serious consequences of a failure to do so. Petitioner filed objections and two amended objections to the Report and Recommendation. On April 10, 1998, the Honorable William B. Traxler, (then) United States District Judge, granted the respondents' motion for summary judgment. The Clerk of Court entered the judgment in Civil Action No. 2:98-0146-21AJ on April 13, 1998.

Petitioner filed an appeal in Civil Action No. 2:98-0146-21AJ (Fourth Circuit Docket No. 98-6613). On September 17, 1998, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal, and the Supreme Court of the United States subsequently denied Petitioner's petition for writ of certiorari. *Rochester v. South Carolina Dep't of Corr.*, No. 98-6613, 161 F.3d 3 [Table], 1998 WL 647150 (4th Cir. Sept. 17, 1998), *cert. denied*, 525 U.S. 1080 (1999).

### *The Petition*

Petitioner has styled the Petition in the above-captioned case as a petition for a "David-Galloway-White Writ." A search of cases in the South Carolina databases on the WESTLAW and LEXIS services revealed no published or unpublished cases involving a litigant named David Galloway White. It appears that Petitioner is referring to so-called *White v. State* belated appeal. *See White v. State*, 208 S.E.2d 35, 39–40 (S.C. 1974), which involved a litigant whose name was David Allen White. Under cases such as *White v. State*, the Supreme Court of South Carolina has allowed a prisoner who is deprived of

a direct appeal to receive a belated appellate review if a post-conviction court correctly finds that the deprivation of the appeal was based on an attorney's failure to preserve the prisoner's right to an appeal. *See*, *e.g.*, *Weathers v. State*, 459 S.E.2d 838, 839 (S.C. 1995) ("We have reviewed the record of the PCR hearing and find evidence to support the PCR judge's finding that petitioner requested an appeal, but was not advised of his appellate rights. . . . Accordingly, we grant the petition for a writ of certiorari and proceed with a review of petitioner's direct appeal issues pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974).").

Exhibits appended to the Petition reveal that Petitioner has not been able to present his claims to courts of the State of South Carolina because he is under various types of pre-filing injunctions. For example, the Circuit Courts in the Tenth Judicial Circuit have directed the Clerk of Court for Anderson County and the Clerk of Court for Oconee County not to file any pleadings submitted by Petitioner unless authorized by the Presiding Administrative Judge (ECF No. 1-3, at pages 11–13).

### *Discussion*

Insofar as Petitioner is seeking federal habeas corpus relief with respect to any Section 2254 claims, such as the alleged denial of a direct appeal in his criminal case, Petitioner must seek leave from the United States Court of Appeals for the Fourth Circuit to file a successive petition. *See* Rule 9 of the Rules Governing Section 2254 Cases; and *In re: Williams*, 330 F.3d 277, 281–84 (4th Cir. 2003). The styling of the Petition as a Section 2241 Petition will not enable this Court to address successive Section 2254 claims. *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade

4

the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."); which is cited in *Ferrell v. Warden of Lieber Corr. Inst.*, Civil Action No. 9:10-1223-CMC-BM, 2010 WL 3258297, at *2 (D.S.C. June 28, 2010), *adopted*, 2010 WL 3258295 (D.S.C. Aug. 16, 2010).

This Court cannot issue an order (such as a writ of mandamus) compelling the Supreme Court of South Carolina to grant Plaintiff a belated direct appeal. *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587–88 (4th Cir. 1969).

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that a district court issue or deny a certificate of appealability when a final ruling on a post-conviction petition is issued. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

As earlier stated, the Section 2241 Petition in the above-captioned case was docketed on July 9, 2012, which was one day *before* the Honorable R. Bryan Harwell, United States District Judge, modified the standing Order of Pre-Filing Review affecting Petitioner. See Order (ECF No. 17) entered on July 10, 2012 in *Rochester v. D. McCall*, *Warden of Perry Correctional Institution*, Civil Action No. 6:12-1281-RBH; and Order (ECF No. 21) entered on July 10, 2012, in *Rochester v. M. V. Laubshire, et al.*, Civil Action No. 6:12-0236-RBH. Although Petitioner is raising an obviously successive Section 2254 claim in the above-captioned Section 2241 case, no sanctions should be imposed upon Petitioner in this case because he had not yet received notice of the Order entered by

Judge Harwell in *Rochester v. D. McCall*, *Warden of Perry Correctional Institution*, Civil Action No. 6:12-1281-RBH, when Petitioner on July 1, 2012, delivered the Section 2241 Petition to prison officials, who stamped the envelope containing the Petition "RECEIVED" on July 2, 2012 (ECF No. 1-7, at page 1).

## *Recommendation*

Accordingly, it is recommended that the § 2241 Petition be dismissed *without prejudice and without requiring Respondent to file an Answer or return*. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."), which may be applied to Section 2241 cases under Rule 1(b). It is also recommended that the District Court deny a Certificate of Appealability. Petitioner's attention is directed to the important notice on the next page.

July 11, 2012  s/ Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).