IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Julian E. Rochester, # 171519, | ) | Civil Action No.: 6:12-cv-01888-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Larry Cartledge, *Warden of Perry* | ) | |
| *Correctional Institution*, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections (SCDC). Petitioner is under an Order of Pre-Filing Review from this Court. *See Graham v. Riddle*, 554 F.2d 133, 134-135 (4th Cir. 1977); and Order of January 29, 1996, in the matter entitled *In Re: Julian Edward Rochester*, Doc. # 6, Misc. No. 2:95-MC-131, by the Honorable William B. Traxler, Jr., then-United States District Judge.

In the above-captioned case, Petitioner has submitted a Section 2241 Petition, which he styles as a "David-Galloway-White Writ," attempting to seek belated appellate review of his case.

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Kevin F. McDonald.[1] [R&R, Doc. # 10.] In the R&R, the magistrate recommends that the Court dismiss the § 2241 Petition be without prejudice and without requiring Respondent to file an Answer or return. [*See* R&R, Doc. # 10.] On July 19, 2012, Petitioner filed objections. [*See* Objections, Doc. # 12.]

---

[1]    In accordance with 28 U.S.C. § 636 and Local Rule 73.02, D.S.C. , this matter was referred to United States Magistrate Judge McDonald for pretrial handling.

## Standard of Review

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## Discussion

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

2

This Court has reviewed Plaintiff's supposed "objections," which fail to take issue with any specific finding in the R&R – he merely makes fleeting references to the R&R, rehashes arguments already made before the magistrate, takes issue with previous district court findings that have led to his Order of Pre-Filing, and alleges that Magistrate Judge McDonald and District Judge Harwell, the Undersigned, should recuse themselves[2] from the case. [*See* Objections, Doc. # 12, at 1–6.] Accordingly, none of the "objections" offered by Plaintiff meet the applicable standard set above as they contain no basis for the objections or contain no additional legal argument beyond what is found in Plaintiff's pleadings.  These issues were correctly addressed by the magistrate and this Court will not address the issues a second time.[3]

In light of Petitioner's failure to assert any specific objections to the Report and Recommendation, this Court is not required to respond to his general statements because "a district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *See Monahan v. Burtt*, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *9

---

[2]  In a previous order, this Court has addressed Plaintiff's attacks regarding the judges assigned to his cases. *See* Order Modifying Pre-Filing Review, Doc. #21, *Rochester v. M.V. Laubshire et al.*, No. 6:12-cv-00236 (July 10, 2012).

[3]  This Court notes that in a recent habeas matter, this Court has discussed Petitioner's abusive and frivolous filing practices, and warned Petitioner that any future habeas petitions which are successive or frivolous will result in the imposition of sanctions, including a fine or an order barring him from filing any more habeas petitions without prior written permission from the courts. *See* Order Warning Petitioner, Doc. # 17, *Rochester v. D. McCall*, *Warden of Perry Correctional Institution*, No. 6:12-cv-1281 (July 10, 2012). Further, in a recent non-habeas matter, the Court has modified Petitioner's Order of Pre-Filing Review to require Mr. Rochester to pay the full statutory filing fee in any future non-habeas civil actions. *See* Order Modifying Pre-Filing Review, Doc. #21, *Rochester v. M.V. Laubshire et al.*, No. 6:12-cv-00236 (July 10, 2012). Although Petitioner's current case is plainly without merit, Petitioner filed the above-captioned case one day before the above orders were filed. The Court has thus addressed the substance of Petitioner's case. However, this is Petitioner's last warning from this Court.

(D.S.C. Sept. 27, 2006) (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)); *see also Hemingway v. Speights*, No. 3:08–cv–00849, 2009 WL 302319, at *2 (D.S.C. Feb. 6, 2009) (noting that "[a]llowing parties, including *pro se* litigants, to raise new issues or arguments at any point in the life of a case will simply result in a needless multiplication of litigation).

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, "objections" to the R&R, and the applicable law. The Court has further conducted the required review of all of Petitioner's "objections" and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Petitioner's supposed objections and adopts the magistrate's R&R.

**IT IS THEREFORE ORDERED** that the above-captioned § 2241 Petition is **DISMISSED** *without prejudice* and without requiring Respondent to file an Answer or return.

4

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
July 23, 2012